IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-65 |
| | ) | (Phillips / Shirley) |
| FERNANDO FRANCES, and | ) | |
| FLOYD E. MYERS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 8, 2007, on a Joint Motion to Continue [Doc. 31], filed August 7, 2007. Assistant United States Attorney Greg Weddle appeared on behalf of the government. Attorney T. Scott Jones represented the Defendant Frances. Attorney Paula Voss represented Defendant Myers. Both defendants were present.

At the hearing, all parties stated that the need for disposition of the suppression motion necessitates a continuance. Attorneys Jones and Voss expressed that obtaining a ruling on the suppression issue is in the defendants' best interest and confirmed that this matter has been discussed with defendants Frances and Myers, respectively. The Court questioned the defendants, who stated that they understood their right to a speedy trial and have no objections to the continuance. Defendant Frances also stated that he understood that he will remain in jail pending the new trial date.

It is evident from the representations of the parties that the need for resolution of the suppression issues outweigh the interests of the defendants and the public in a speedy trial. Both parties agreed that all the time between the date of the hearing, August 8, 2007, and the new date of the trial is properly excludable from the operation of the Speedy Trial Act. The Court agrees with the parties that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Given the approaching August 22, 2007 trial date, the Court finds that the failure to grant a continuance would deprive the defendants of the time to pursue their suppression motions, which have yet to be heard by the Court. See 18 U.S.C. § 3161(h)(1)(F). The Motion to Suppress will be heard on **August 30, 2007**. The Court will then need time, not to exceed thirty days, to prepare a Report and Recommendation to the District Court on the motion. See 18 U.S.C. § 3161(h)(1)(J). Following the filing of the Report and Recommendation, the parties need time to file any objections to the Court's ruling. Should objections be made, the District Court will need time to rule upon the report and those objections. Finally, the parties will need time to prepare for trial in light of the ruling on the suppression issues. The Court finds that all of this could not take place before the August 22, 2007 trial date. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, the parties' Joint Motion to Continue **[Doc. 31]** is **GRANTED**. The trial of this matter is reset to **December 11, 2007 at 9:00 a.m.** before the Honorable Thomas W. Phillips, United States District Judge. No additional pretrial conference shall be set in this case.

The Court also finds, and the parties agree, that all the time between the August 8, 2007, hearing and the new trial date of December 11, 2007 is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (J), and (h)(8)(A)-(B).

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge