# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 3:07-CR-65 |
| ) | (Phillips) |
| FERNADO FRANCES ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the defendant's *pro se* motion for sentence reconsideration [Doc. 159]. Defendant was sentenced by this court on May 5, 2008 to 120 months imprisonment for conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, and to 60 months imprisonment for using and carrying a firearm in furtherance of a drug trafficking crime, for a total sentence of 180 months.

In support of his motion for a sentence reduction, defendant relies upon the recent case of *United States v. Almany,* 598 F.3d, 238 (6th Cir. 2010). In *Almany*, the Sixth Circuit held that the statutory language of 18 U.S.C. § 924(c)(1)(A) forbade the imposition of the mandatory minimum contained in the statute in conjunction with another, greater mandatory minimum sentence. *Id.* at 242. Thus, under *Almany*, defendant requests that the 60 month sentence imposed for violation of § 924(c) be vacated and his sentence reduced to 120 months.

A district court may only modify a defendant's sentence as permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001) ("the authority of a district court to resentence a defendant is limited by statute and resentencing is expressly prohibited beyond those exceptions expressly enacted by Congress"). Congress has provided that a district court may reduce a defendant's sentence, consistent with the Sentencing Guidelines policy statements, where a change in the Guidelines affects the calculation of the applicable sentencing range. 18 U.S.C. § 3582(c)(2). A motion for reduction of sentence under § 3582(c) may only be granted when the Sentencing Commission has lowered the applicable guideline range and made the amendment retroactive. *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007). The Sixth Circuit's decision in *United States v. Almany*, 598 F.3d 238 is not a decision by the Sentencing Commission to lower a guideline range. Therefore, defendant cannot rely on the *Almany* decision as a basis for granting his motion for a sentence reduction. Accordingly, defendant's motion for sentence reconsideration [Doc. 59] is **DENIED.**

**ENTER:**

       s/ Thomas W. Phillips
United States District Judge